## UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )    3:05-cr-00099 JWS |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL McGEEHAN TUCKER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### JURY INSTRUCTIONS

SCANNED

# INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.


SCANNED

## INSTRUCTION NO. 2

### CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The First Superceding Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.



**INSTRUCTION NO. 3**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.



## INSTRUCTION NO. 4

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.


SCANNED

## INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

SCANNED

## INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

SCANNED

## INSTRUCTION NO. 7

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.


SCANNED

## INSTRUCTION NO. 8

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

SCANNED

## INSTRUCTION NO. 9

### EVIDENCE OF OTHER ACTS OF DEFENDANT
### OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the First Superceding Indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the First Superceding Indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

SCANNED

**INSTRUCTION NO. 10**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

SCANNED

**INSTRUCTION NO. 11**

**TESTIMONY OF WITNESSES INVOLVING SPECIAL
CIRCUMSTANCES–IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Jasmine Danielle Holliman and Hilary Jeanette Pattison, witnesses who received benefits from the government in connection with this case and pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  Their guilty pleas are not evidence against the defendant, and you may consider them only in determining these witnesses' believability.

In evaluating these witnesses' testimony, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine these witnesses' testimony with greater caution than that of other witnesses.

SCANNED

## INSTRUCTION NO. 12

## KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


SCANNED

## INSTRUCTION NO. 13

## CONSPIRACY—ELEMENTS

The defendant is charged in Count 1 of the First Superceding Indictment with conspiring to engage in the interstate transportation of stolen property in violation of Section 317 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about March 2004, and ending in or about August 2004, there was an agreement between two or more persons to commit at least one crime as charged in the First Superceding Indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the First Superceding Indictment as an

SCANNED

object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.


SCANNED

## INSTRUCTION NO. 14

You are advised that the government no longer contends that defendant was a member of a conspiracy which included Sarah Noble.


SCANNED

## INSTRUCTION NO. 15

## MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the First Superceding Indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.



## INSTRUCTION NO. 16

### CONSPIRACY—KNOWING OF AND ASSOCIATION
### WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.


SCANNED

## INSTRUCTION NO. 17

## INTERSTATE TRANSPORTATION
## OF STOLEN PROPERTY
## (18 U.S.C. § 2314)

The defendant is charged in Count 4 of the First Superceding Indictment with interstate transportation of stolen property in violation of Section 2314 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant caused stolen money or property worth at least $5,000 to be moved from one state to another;

Second, at the time the money or property crossed state lines, the defendant knew it was stolen; and

Third, the defendant intended to deprive the owner of the use of the money or property temporarily or permanently.

It is not necessary to prove who stole the money or property.



## INSTRUCTION NO. 18

## AIDING AND ABETTING

A defendant may be found guilty of interstate transportation of stolen property, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, interstate transportation of stolen property was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of interstate transportation of stolen property; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit interstate transportation of stolen property.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.



## INSTRUCTION NO. 19

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


SCANNED

**INSTRUCTION NO. 20**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.



## INSTRUCTION NO. 21

### USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.



## INSTRUCTION NO. 22

### JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

SCANNED

## INSTRUCTION NO. 23

## VERDICT FORMS

Verdict forms have been prepared for you. After you have reached unanimous agreement on verdicts, your foreperson will fill in the forms that have been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.


SCANNED

## INSTRUCTION NO. 24

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

GIVEN this ___10th___ day of May 2006.

**REDACTED SIGNATURE**

JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

SCANNED

To The Jury:

You are advised that the First Superseding Indictment is a document setting forth charges brought by the United States against several people, including Mr. Tucker. It is only a set of accusations and is in no sense evidence of any kind. It charges Mr. Tucker with conspiracy to commit the crime of interstate transportation of stolen property in Count II. It charges Mr. Tucker with the crime of aiding and abetting the interstate transportation of stolen property in Count III.

With respect to the conspiracy charge I advise you to look at the paragraph in Instruction No. 13 which begins "First, beginning in or about" and to accept the following expansion of that paragraph which shall now read: "First, beginning in or about March 2004, and ending in or about August 2004, there was an agreement between two or more persons to commit the crime of interstate transportation of stolen property ~~...~~ from Alaska into

SCANNED

Arizona;" I further advise you that the paragraph which begins " Second, the defendant" will now read "Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and"

REDACTED SIGNATURE

U. S. District Judge

SCANNED

5-11-06

To the Jury

    Following up on what I just read to you; remember you must read all of the instructions in reaching your verdict and must read each of them in its entirety. To assist you to do that with respect to Instruction No. 13 I attach a copy with the revisions I read to you.

**REDACTED SIGNATURE**

**SCANNED**

## INSTRUCTION NO. 13

### CONSPIRACY—ELEMENTS

The defendant is charged in Count 1 of the First Superceding Indictment with conspiring to engage in the interstate transportation of stolen property in violation of Section 317 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about March 2004, and ending in or about August 2004, there was an agreement between two or more persons to commit ~~at least one crime as charged in the First Superceding Indictment, and~~ the crime of interstate transportation of stolen property from Alaska to Arizona. *[initialed]*

Second, the defendant became a member of the conspiracy knowing of ~~at least one of~~ its objects and intending to help accomplish it; and *[initialed]*

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the First Superceding Indictment as an

SCANNED