UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:05-cr-00099 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| MICHAEL McGEEHAN TUCKER, | ) | (Re:   Motion at docket 146) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 146, defendant Michael McGeehan Tucker ("Tucker") moves for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, and in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33.  The motion has been opposed by the United States.  Oral argument has not bee requested and would not be of assistance to the court.

## II.  BACKGROUND

The First Superseding Indictment[1] named Tucker, Jasmine Hollimon, Sara Noble, and Hilary Pattison as defendants.  In Count 1, all of them were charged with conspiracy to commit the crime of interstate transportation of stolen coins in violation of 18 U.S.C. § 371.  In Count 4, Tucker was charged with aiding and abetting the interstate transportation of stolen coins in violation of 18 U.S.C. §§ 2314 and 2.  All of the defendants, save Tucker, eventually entered guilty pleas.  Tucker elected to go to trial.

---

[1]Doc. 17.

Trial commenced on May 8, 2006. The jury returned its verdicts on May 15, 2006. The jury found Tucker guilty on Count 1, and not guilty on Count 4.

### III. DISCUSSION

#### A. Judgment of Acquittal

Tucker argues that he is entitled to a judgment of acquittal pursuant to Rule 29 on the basis that the evidence was insufficient to permit a finding of guilt on Count 1. Counsel for Tucker aptly and succinctly summarized the standard of review which the court should employ:

> This Court must assess the sufficiency of the evidence under R. R. Cr. P. 29, reviewing the evidence as a whole, including all inferences that may reasonably be drawn from it. It must do so in a light most favorable to the government, and decide whether a rational trier of fact can find guilt beyond a reasonable doubt. * * *
>
> Where no rational trier of fact could find guilt beyond a reasonable doubt, the conviction must be reversed.[2]

When that standard of review is applied here, the court must conclude that a rational trier of fact could find that Tucker was guilty beyond a reasonable doubt. The evidence that he participated in a conspiracy with co-defendant Hollimon–although not the larger conspiracy involving all of the defendants–was substantial. It is well summarized by counsel for the United States in her opposition memorandum.[3] Certainly when one draws reasonable inferences from the testimony, and does so in a light most favorable to the United States in whose favor the jury verdict was returned, it must be recognized that a rational trier of fact could return a guilty verdict on Count 1. The fact that the jury failed to convict on Count 4 does not detract from this, because the jury quite rationally could have found that the Arizona sales involved in Count 4 did not by themselves add up to the required $5,000, while the same jury could have, consistently with such a finding, concluded that the conspiracy–even the smaller

---

[2]Doc. 146 at pp. 1-2 (citations omitted).

[3]Doc. 157 at pp. 6-10.

-2-

conspiracy which did not include all defendants–did involve an agreement to sell more than $5,000 in coins.

Tucker also complains that allowing testimony of the broader conspiracy was an error which must be evaluated when considering whether the "untainted" evidence was sufficient to establish his guilt. It is true that the government offered and the court allowed testimony concerning the broader conspiracy, a charge which the United States eventually abandoned. The difficulty with Tucker's position on this issue is that Hollimon's testimony does support the proposition that Tucker knew about her nefarious schemes to defraud her employer by stealing coins and enlisting others, including Tucker, to dispose of them profitably. It is also true that a significant portion of the evidence regarding co-defendant Noble and co-defendant Pattison, which was admitted, did not prejudice Tucker. Indeed, it really set up a foil which his counsel was able to exploit in his closing argument: It was those scheming older women who were involved in the criminal activity; Tucker was merely a pawn who was used and certainly did not knowingly join any conspiracy intending to help accomplish its criminal objective.

The government's reliance on hearsay statements attributed to co-defendant Pattison is more troubling. The government did tie up the proposition that Pattison was a co-conspirator with Hollimon, but it eventually abandoned its effort to show that Tucker was a part of the conspiracy involving Pattison , Noble, and Hollimon. The use of the hearsay statements which were important to showing that Tucker was knowledgeable of the conspiracy to sell stolen coins is a very significant consideration. Although a close question, ultimately under the stringent standard which governs motions for judgments of acquittal, their use is insufficient to support an acquittal.

**B. New Trial**

Under Rule 33, the court may order a new trial "if the interest of justice so requires."[4] In exercising its discretion under Rule 33, the court may order a new trial only in exceptional cases. A leading treatise suggests, in language cited by the Ninth

---

[4] FED. R. CRIM. P. 33(a).

-3-

Circuit, that such cases are those "in which the evidence preponderates heavily against the verdict."[5]

Here, the case is exceptional. The United States abandoned its attempt to prove the broader conspiracy charged in the First Superseding Indictment only after securing the admission of evidence which it could not have obtained had it proceeded on the premise that the conspiracy relevant to the prosecution of Tucker was a two-person conspiracy between Hollimon and Tucker. Moreover, the admissible evidence carefully scrutinized does preponderate heavily against proof of guilt beyond a reasonable doubt. Tucker's counsel persuasively argues in his brief that Hollimon's testimony standing alone, not bolstered by the inadmissible hearsay from Pattison, would have been greatly weakened by her own prior statements about Tucker's lack of knowledge which then "would likely have carried far greater weight with the jury. Ms. Hollimon's utter inability to provide any precision in her testimony concerning dates and places would have made a far greater impression on the jury standing alone."[6] The court agrees.

After considering the evidence, the court concludes that this is an exceptional case where the properly admissible evidence does preponderate against the jury's guilty verdict. Moreover, it is troublesome that the United States went to trial on a theory which allowed it to present evidence that would have been inadmissible given the theory of the crime upon which it ultimately was forced to rely. The interest of justice served by requiring a new trial which will focus on the actual crime of which there is some evidence of guilt–the Hollimon and Tucker conspiracy–instead of the crime which the United States belatedly conceded it could not prove–the Hollimon, Noble, Pattison, and Tucker conspiracy–is substantial. Indeed, a new trial is the only way to assure that Tucker does not stand convicted by a jury lured into a mis-assessment of the relevant and admissible evidence by the government's unintentional, but nevertheless highly effective, use of inadmissible evidence.

---

[5] *United States v. Pimental*, 654 F.2d 538, 545 (9th Cir. 1981) (quoting from 2 Wright, Fed. Practice & Procedure, § 553).

[6] Doc. 146 at p. 5.

-4-

## IV. CONCLUSION

For the reasons set out above, the motion at docket 146 is **GRANTED** in part and **DENIED** in part as follows: The guilty verdict on Count 1 and the judgment of guilt entered thereon are **VACATED**. The United States may proceed to re-try the charge that Hollimon and Tucker conspired to sell stolen coins in interstate commerce in violation of 18 U.S.C. § 371. Counsel shall promptly confer and advise the court of the earliest date by which both sides may be ready to commence trial.

In light of the preceding decision, the date for imposition of sentence on Tucker is hereby **VACATED**.

DATED at Anchorage, Alaska, this 7th day of July 2006.

                                                  /s/
                                   JOHN W. SEDWICK
                UNITED STATES DISTRICT COURT JUDGE