IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                              )<br>     Plaintiff, )<br>                              )<br> vs.                         )<br>                              )<br>JASMINE DANIELLE HOLLIMAN, )<br>SARAH ROSE NOBLE, HILARY )<br>JEANETTE PATTERSON, and )<br>**MICHAEL McGEEHAN TUCKER**, )<br>                              )<br>     Defendants         )  | Case No.: A05-099 Cr. (JWS) |

**AMENDED MOTION FOR MODIFICATION OF BAIL AND
MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Michael Tucker, by and through counsel David R. Weber, of the firm of Vasquez & Weber, P.C., and submits this, his Amended Motion For Modification Of Bail And Memorandum In Support Thereof.

Mr. Tucker requests release to live with his mother, Ms. Julia Tucker. Ms. Tucker has consented to Mr. Tucker's living in her home. She has been impressed by his securing employment and the improvement in his disposition over the last several months. Ms. Tucker's address is:

> 4700 Newcastle Way
> Anchorage, Alaska 99503
> (907) 770-6288

Ms. Tucker will assist Mr. Tucker in making his Court dates, U.S. Probation appointments and in getting to work. She is supportive of a drug-testing regimen for Mr. Tucker. Ms. Tucker cannot perform the formal services of a third party custodian, however: she is employed as counsel to the Municipal Assembly.

The changes requested, and agreeable to Mr. Tucker, are:1) No consumption of Alcohol; 2) seek and/or maintain employment; 3) a drug and alcohol abuse

assessment and 4) participation in any follow up program that might be recommended as a result of the drug and alcohol abuse assessment.

The last two items need clarification. The United States Probation Office ("USPO") has, in this case and in the past, demanded broad releases of information from persons undergoing drug and alcohol abuse assessments and treatment. These releases are grossly overbroad and go far beyond any legitimate need the USPO has for information on a pre trial defendant.

By way on non exhaustive example, the USPO release form calls for use of resultant information for purposes of sentencing and subsequent supervision as qwell as providing information to Parole authorities. That places the cart well in front of the horse for the unconvicted defendant.

Secondly, the USPO's legitimate interests at this juncture are: 1) Mr. Tucker showing up to Court; and 2) Mr. Tucker not harming the public while on release. Knowing that Mr. Tucker is in compliance with his treatment regimen, if any, is sufficient to those legitimate goals. The USPO has no legitimate need to know what Mr. Tucker says in his assessment or treatment, nor what is said to him. It does not need to know what Mr. Tucker's assessment is nor does it need to know what his treatment regimen is: A simple statement that Mr. Tucker is, or is not, doing what he has been advised to do will suffice.

Finally, it is presumed that a drug and alcohol abuse assessment requires a certain amount of candor. Both the evaluator and Mr. Tucker need an accurate history to determine whether drug and/or alcohol abuse has caused problems in Mr. Tucker's life. If one were to , say, help steal things in order to buy drugs, that might be the sort of information an evaluator /treatment professional would need.

It would also be incriminating. The USPO has no legitimate interest in collecting incriminating statements from pre trial defendants.

42 U.S.C. § 290ee-3(a), provides that records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted, regulated, or directly or indirectly assisted by any department or agency of the United States are confidential and may be disclosed only for the purposes and under the circumstances expressly authorized under subsection 42 U.S.C. § 290ee-3(b). Among the authorized disclosures are those ordered by the Court for "good cause." 42 U.S.C. § 290ee-3(b)(2)(C) requires this Court to "weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services" in assessing "good cause." Even where disclosure is ordered, the Court is to determine "the extent to which any disclosure of all or any part of any record is necessary [and] impose appropriate safeguards against unauthorized disclosure."

Pursuant to 42 U.S.C. § 290ee-3(c), absent the Court's order (and the Fifth Amendment problems inherent therein) "no record [ . . ] may be used to initiate or substantiate any criminal charges against a patient or to conduct any investigation of a patient." Such orders are supposed to be rare. 42 CFR § 2.65(d). They are also required to "[l]imit disclosure and use to those parts of the patient's record which are essential to fulfill the objective of the order. 42 CFR § 2.65(e)(1).

The injury of self incrimination is self evident. The harm to the physician-patient relationship inherent in keeping secrets at the behest of one's lawyer is as well. The efficacy of resultant treatment based upon incomplete client disclosures is, at best, suspect. A limited order can avoid these pitfalls.

1  Accordingly, the Court is requested to Order no more than is necessary to
2  achieve the legitimate ends of bail. It should Order disclosure to the USPO of
3  whether Mr. Tucker submitted to a drug and alcohol abuse assessment. It should
4  Order disclosure to the USPO of whether Mr. Tucker is in compliance with the
5  treatment, if any, prescribed as a result of the assessment.[1] No more is needed. No
6  more should be required.

7  Counsel has drafted such an Order for the Court. In addition, counsel has
8  drafted a proposed form of release for Mr. Tucker that addresses his concerns and
9  which complies with 42 CFR § 2.31. It follows:

---

[1] It is anticipated that the USPO will argue, *ex parte*, that it and the Court will need to know what the treatment program is in order to determine whether Mr. Tucker is in compliance therewith. Not so. First, the treatment providers are the professionals in the area and the people who will know if Mr. Tucker is in compliance. If Mr. Tucker is reported to not be in compliance and Mr. Tucker disputes that assertion then the nature of the treatment regimen would be relevant to bail in this action. Otherwise, it is not and the USPO has no need for the information.

**LIMITED RELEASE**

As set forth and limited below, I, Michael M. Tucker, authorize: _____

_____

_____

to disclose whether I submitted to a drug and alcohol abuse assessment and whether I am participating in any follow up program that might be recommended as a result of the drug and alcohol abuse assessment.

    1.    Such disclosures may be made to the United States Probation Office for the District of Alaska, the United States District Court For The District Of Alaska and David R. Weber of Vasquez & Weber, P.C.

    2.    Disclosure is for the sole purpose of determining whether I am in compliance with the bail conditions in United States v. Tucker, A05-99 Cr. (JWS), requiring that I obtain a drug and alcohol abuse assessment and participate in any follow up program that might be recommended as a result of the drug and alcohol abuse assessment.

    3.    This consent is effective as of the date of its execution.

    4.    This consent is subject to revocation at any time except to the extent that the program(s) which is/are to make the disclosure has/have already taken action in reliance on it. I understand that if I revoke this consent without permission from the Court my bail may be revoked.

    5.    This consent expires on December 31, 2006, or when the jury verdict in United States v. Tucker, A05-99 Cr. (JWS) is returned, whichever occurs first.

Dated and done this ____ day of _____ 2006.

_____
Michael M. Tucker

The proposed Order and Release serve the legitimate ends of bail. The Court is requested to modify Mr. Tucker's release conditions accordingly.

Respectfully submitted this 18th day of July 2006.

> Vasquez & Weber, P.C.
> Attorneys for Michael Tucker
> S/: David R. Weber,
> 943 West 6th Ste. 132
> Anchorage, Alaska 99502
> (907) 279-9122/9123 fax
> vw.law@acsalaska.net
> Ak. Bar Assn. No. 8409083

CERTIFICATE OF SERVICE

I certify that on July 18, 2006 electronic service of a copy of this Amended Motion For Modification Of Bail And Memorandum In Support Thereof was provided to the Court for all counsel of record pursuant to Criminal Rule 49(b), Civil Rule 5(b)(2)(D) and Local Rules 5, 5.1(a) and 5.2(c)(2).

S/: David R. Weber